UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MILTON ANTONIO BELLOSO,
ALEJANDRO JASSO MARTINEZ and
RAUL G. PEREZ, JR. ,

    Plaintiffs,

v.                                            Case No:   6:18-cv-460-Orl-40TBS

ASPLUNDH TREE EXPERT, CO. and
ASPLUNDH TREE EXPERT, LLC,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Defendants' Motion to Stay Discovery Pending Ruling on the Court's Subject Matter Jurisdiction (Doc. 22).

Plaintiffs in this putative class action allege that Defendants violated the Fair Credit Reporting Act ("FCRA") (Doc. 1). FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for … (B) employment purposes; …." 15 U.S.C. § 1681a(d)(1).

It is illegal to obtain a consumer report for employment purposes unless: "(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document

referred to in clause (i)) the procurement of the report by that person." 15 U.S.C. § 1681b(b)(2)(A).

Defendants allegedly obtained consumer reports about Plaintiffs and the putative class for employment purposes (Doc. 19, ¶ 7). Plaintiffs complain that the forms they signed authorizing the reports did not provide "a clear and conspicuous written disclosure in a document that consisted solely of the disclosure that a consumer report may be obtained for employment purposes before the consumer report was procured or caused to be procured" in violation of 15 U.S.C. § 1681(d)(1) (Id.). Plaintiffs do not allege that Defendants took any adverse employment actions based on the consumer reports, or that the information in the reports was disclosed in a way that violated their privacy rights (Id.). For their remedy, Plaintiffs seek statutory damages, punitive damages, attorney's fees and costs (Id., at 14).

Defendant Asplundh Tree Expert Company answered the complaint (Doc. 20)[1] and later filed a motion to dismiss arguing that the Court lacks subject matter jurisdiction (Doc. 21). The motion has been fully briefed (Doc. 23) and the parties are awaiting a decision. Now, Defendant is asking the Court to stay discovery until there is a ruling on the motion to dismiss (Doc. 22). Plaintiffs oppose the motion (Doc. 24).

District courts have the inherent power to control their dockets and manage their cases, including by staying discovery.[2] Perez v. Miami-Dade Cty., 297 F.3d 1255, 1263

---

[1] According to the answer, the entity formally known as Asplundh Tree Expert, Co., no longer exists (Doc. 20, n. 1).

[2] Motions to stay discovery pending the decision on a motion to dismiss invariably cite Chudasama v. Mazda Corporation, 123 F.3d 1353 (11th Cir. 1997), and this case is no exception. In Chudasama the Eleventh Circuit said:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always

(11th Cir. 2002); The Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at *2 (M.D. Fla. Aug. 14, 2014). The Eleventh Circuit has "emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." Perez, 297 F.3d at 1263 (internal quotation marks omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." Rivas v. The Bank of New York Melon, 676 F. Appx' 926, 932 (11th Cir. 2017). The party seeking the stay has the burden of showing good cause and reasonableness. Holsapple v. Strong Indus., Case No. 2:12-cv-355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *2 (M.D. Fla. Sept. 10, 2012); S.D. v. St. Johns Cnty. Sch. Dist., Case No. 3:09-cv-250-J-20TEM, 2009 U.S. Dist. LEXIS 97835, at * 4-5 (M.D. Fla. Oct. 1, 2009) (citing to Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); McCabe v. Foley, 233 F.R.D. 683, 687 (M.D. Fla. 2006). In deciding whether to grant a stay the district court,

> [M]ust balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves

---

> presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

Id., at 1367 (internal footnote and citation omitted). Chudasama stands for the "proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." Koock v. Sugar & Felsenthal, LLP, No. 8:09-cv-609-T-17EAJ, 2009 WL 2579307, *2 (M.D. Fla. Aug. 19, 2009) (citing In re Winn Dixie Stores, Inc., No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, *1 (M.D. Fla. June 28, 2007)); Verrier v. Perrino, No. 2:14-cv-744-FtM-29CM, 2016 WL 3655295, at *1 (M.D. Fla. July 8, 2016). "Since the Eleventh Circuit handed down Chudasama, it has been analyzed on numerous occasions, and courts have consistently rejected any *per se* requirement to stay discovery pending resolution of a dispositive motion." Bocciolone v. Solowsky, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008); Reilly v. Amy's Kitchen, Inc., No. 13-21525-CIV, 2013 U.S. Dist. LEXIS 108492, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ([T]there is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988) (Motions to stay discovery are disfavored because they tend to delay resolution of cases.).

> weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. Aug. 15, 1988); see also Koock, 2009 WL 2579307, at *2 ("In deciding whether to stay discovery pending resolution of a motion to dismiss ... the court must take a 'preliminary peek' at the merits of the dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'") (citing McCabe, 233 F.R.D. at 685).

The Court has read the complaint, motion to dismiss, and response to the motion to dismiss (Docs. 19, 21,23). It has also read some of the cases cited by counsel in their briefing of the motion to dismiss. Defendants contend that Plaintiffs do not have Article III standing, and therefore the Court lacks jurisdiction, because Plaintiffs have not alleged a concrete injury. The plaintiff carries the burden to establish standing by showing that s/he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). "'To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id., at 1548 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotation marks omitted)). "Article III standing requires a concrete injury even in the context of a statutory violation." Id., at 1549. Spokeo was a FCRA case in which the majority said "Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id. Consistent with Spokeo, the Seventh Circuit has found that a plaintiff who only claimed

that a FCRA disclosure form contained extraneous information had alleged a statutory violation but no concrete injury. Groshek v. Time Warner Cable, Inc., 865 F.3d 884, 887 (7th Cir. 2017); see also Stacy v. Dollar Tree Stores, Inc., 274 F.Supp.3d 1355 (S.D. Fla. 2017).

Plaintiffs argue (based on cases which include Perry v. Cable News Net., Inc., 854 F.3d 1336 (11th Cir. 2017); In re: Horizon Healthcare Svcs Inc. Data Breach Litig., 846 F.3d 625 (3d Cir. 2017); and Thomas v. FTS USA, LLC, 193 F. Supp. 3d 623 (E.D. Va. 2016)), that they have sufficiently alleged standing (Doc. 24). In Perry, the Eleventh Circuit concluded that a violation of the Video Privacy Protection Act which caused intangible harm was "'also concrete in the sense that it involves a clear de facto injury, i.e., the unlawful disclosure of legally protected information.'" 854 F.3d at 1340 (quoting In re Nickelodeon, 827 F.3d 262, 274 (3d Cir. 2016). The Horizon case involved the theft of two laptop computers containing healthcare information. The plaintiffs alleged a FCRA violation based on the improper use and disclosure of their personal information. The Third Circuit found that they had standing because "'unauthorized *disclosures* of information' have long been seen as injurious." 846 F.3d at 638 (quoting Nickelodeon, 827 F.3d at 274. In Thomas the plaintiff was denied a job position based on a background check that was not shared with him, which contained erroneous information. The court characterized the plaintiff's claims as "technical or procedural violations of the FCRA." 193 F. Supp. 3d at 631. Still, the court held "that Thomas, on behalf of the Impermissible Use Class, has alleged two concrete injuries. First, Thomas has alleged a concrete informational injury; that is, Thomas has alleged that he was deprived of a clear disclosure stating that Defendants sought to procure a consumer report before the report was obtained….Second, the Impermissible Use Class members have alleged a violation of

their statutorily created right to privacy and confidentiality of their personal information."
Id., at 634-35.

After considering the parties' arguments the Court finds that Defendant's motion to dismiss has merit and is potentially case dispositive. While this does not constitute a finding on the merits of the motion to dismiss, it is sufficient to **GRANT in part** Defendants' motion to stay. The Court will stay discovery **for 30 days from the rendition of this Order**. The Court will not impose any longer stay because if the motion to dismiss is not decided within the next 30 days and the stay of discovery continues it may create case management problems in the future.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record